UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 07-562 |
| ISAAC WARREN | : | |

**SURRICK, J.**                                                                                                 **MARCH 20, 2008**

## MEMORANDUM & ORDER

Presently before the Court is Defendant Isaac Warren's Motion To Sever Counts Pursuant to Fed. R. Crim. P. 14(a) (Doc. No. 26). A hearing was held on March 13 and March 14, 2008. For the following reasons, Defendant's Motion will be denied.

**I.   BACKGROUND**

Defendant has been charged in the Indictment with two counts of violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. (Doc. No. 3.) Count One arises from an incident that occurred on April 4, 2007, in an automobile at the intersection of Orthodox and Mulberry Streets in Philadelphia. (Doc. No. 26.) Count Two charges Defendant with being a convicted felon in possession of three firearms while inside a residence located at 1037 West Dauphin Street, Philadelphia, on April 27, 2007. (*Id.*)

**II.   LEGAL ANALYSIS**

   **A.   Propriety of Joinder**

Joinder of multiple offenses in a criminal proceeding is governed by Federal Rule of Criminal Procedure 8(a) which states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction,

or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "In addition to a 'logical relationship' between charges, some courts have emphasized that the 'commonality of proof' between charges warrants the joinder of charges or defendants." *United States v. Kemp*, Crim. A. No. 04-370, 2004 WL 2757867, at *3 (E.D.Pa. Dec. 2, 2004) (citing *United States v. Hubbarb*, 474 F.Supp. 64, 87 (D.D.C. 1979)). Where "the . . . charges in the indictment [themselves] are identical . . . the joinder issue under Rule 8(a) comes to a screeching halt." *United States v. Stevey*, Crim. A. No. 05-232, 2006 WL 2038614, at *6 (W.D.Pa. July 20, 2006) (Diamond, J.).

In this case, Defendant has not suggested that joinder under Rule 8(a) was improper. Rather, Defendant argues that the joinder is prejudicial under Rule 14(a).

**B.     Prejudice**

Even where joinder is permissible, a court may grant separate trials to avoid prejudice. Federal Rule of Criminal Procedure 14(a) provides: "If the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Motions for severance rest in the sound discretion of the trial judge . . . [who] is best situated to weigh possible prejudice to the defendant against interests of judicial economy." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir.1981); s*ee also United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) (noting that severance is committed to the sound discretion of the judge), *cert. denied*, 502 U.S. 925 (1991).

"The Rule places the burden of showing prejudice from the joinder on the defendant seeking severance." *Eufrasio*, 935 F.2d at 568. "The defendant must show that allowing the

joinder would result in a 'manifestly unfair trial,' beyond a mere showing that he would have had a better chance of acquittal with separate trials." *Gov't of Virgin Islands v. Sanes,* 57 F.3d 338, 341-42 (3d Cir. 1995) (citing *Eufrasio*, 935 F.2d at 568).

Here, Defendant argues that he would be prejudiced, since trying both counts together may impede his ability to testify in his own defense as to Count Two because he does not intend to testify as to Count One.[1] The Third Circuit has held that in situations such as this, severance may be appropriate if the "defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Reicherter*, 647 F.2d at 401 (citing *Baker v. United States*, 401 F.2d 958, 977 (D.C.Cir.1968), *cert. denied*, 400 U.S. 965 (1970)). "In order to make such a showing, 'it is essential that the defendant present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine.'" *Reicherter*, 647 F.2d at 401 (citing *Baker*, 401 F.2d at 977).

Defendant suggests that because he made a voluntary statement to the police with regard to his possession of the firearms as charged in Count Two, he may wish to explain this statement at trial. (Hr'g Tr. 37, Mar. 14, 2007; Doc. No. 26 at 2.) Defendant advises that he will not be testifying in his own defense as to Count One. (Hr'g Tr. 37, Mar. 14, 2007.) Defendant has failed to provide convincing evidence of the nature and importance of his testimony or the strong

---

[1] The firearms charge in Count Two arises as a result of a home invasion. It is alleged that Defendant and Sean Shields invaded the home while armed with weapons. The United States Attorney adopted the weapons change against Defendant resulting from the home invasion incident. The home invasion itself is still pending in the Court of Common Pleas of Philadelphia County. Defendant and Sean Shields are defendants in that case. Interestingly, Shields was the driver of the automobile in which Defendant was a passenger at the time of the incident alleged in Count One.

need to refrain from testifying.  He has simply advised that he may testify as to one count and will not testify as to the other.  This is not sufficient.

In *United States v. Hagins*, Crim. A. No. 06-485, 2008 WL 516430 (E.D.Pa. Feb. 26, 2008), a court in this District addressed a case similar to the instant case.  In *Hagins*, the court considered whether to sever Count Seven, which stemmed from a December 29, 2004 highway gun-brandishing incident, from the previous six counts in the Indictment, which involved charges arising out of an alleged conspiracy between Hagins and a straw purchaser to obtain 45 firearms.  *Id.* at *3.

Hagins claimed prejudice because he wanted to testify in his own defense as to Count Seven but not as to the other counts.  *Id*.  Applying the *Baker* test, the Court in *Hagins* concluded that the "fleeting explanation" offered by Hagins, that he wanted to testify as to Count Seven because the police and the complaining witnesses had fabricated several aspects of the evidence, and not testify as to the other counts to avoid being subject to cross-examination, was insufficient to meet his burden of demonstrating prejudice.  *Id.* at *5.

Defendant also argued that trying the counts together would subject him to undue prejudice through the risk of the jury cumulating evidence and making inferences as to one count based upon the evidence presented for another.  *Id.* at *4.  The court disagreed, stating "[t]he facts of this case are not so complex that a jury could not easily compartmentalize the discrete elements of each charge, and there is no reason to believe that they will 'have any difficulty in segregating and considering the relatively simple facts pertaining to the distinct counts.'" *Id.* (citing *Reicherter*, 647 F.2d at 400).  The court further observed that "any such prejudice is certainly insufficient to outweigh the costs of an entirely separate trial, particularly since it may

be readily cured by this Court's limiting instructions to the jury." *Hagins*, 2008 WL 516430, at *4.

The Third Circuit also recently dealt with the issue of severance in a case factually similar to the case before us. In *United States v. Bailey*, 223 Fed. Appx. 157 (3d Cir. 2007), the Third Circuit affirmed the District Court's denial of a motion to sever two counts of possession of a firearm by a convicted felon as charged in the Indictment. Count One of the Indictment arose out of a May 19, 2001 attempted traffic stop followed by a foot chase of Bailey. *Bailey*, 223 Fed. Appx. at 159. Once Bailey was apprehended and arrested, an inventory search of his car revealed a firearm. *Id.* Count Two of the Indictment in *Bailey* arose out of a January 1, 2003, investigation in which three police officers observed Bailey and another individual standing on the porch of an abandoned and boarded-up house in a high-crime area. *Id.* When the officers attempted to investigate further, Bailey discarded a shiny object, which the police officer could see was a firearm, and began to walk away. *Id.* He was taken into custody when he denied ownership of the gun, which the officers had clearly seen him discard. *Id.* at 160.

Bailey moved to sever the two counts on the grounds that they were joined in error under Rule 8 because of the "factual differences between the two arrests," and that it was an abuse of discretion for the District Court to deny his motion for relief from prejudicial joinder under Rule 14. *Id.* at 161. The Third Circuit held that "a defendant must show 'clear and substantial prejudice resulting in a manifestly unfair trial' to obtain a reversal." *Id.* (citing *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993)). The Court stated that "the District Court removed any potential prejudice with appropriate limiting instructions that assisted the jury in properly compartmentalizing the evidence for each charge." *Bailey*, 223 Fed. Appx. at 161.

*Bailey* and *Hagins* both instruct that in cases such as these severance is not required, and that there are clear alternatives to severance which will prevent prejudice to a defendant. "Of primary concern in considering a motion for severance is 'whether the jury can reasonably be expected to compartmentalize the evidence,' as it relates to each count by following the instructions of the trial court." *Reicherter*, 647 F.2d at 400 (citing *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971), *cert. denied*, 405 U.S. 927 (1972)).

In this case, we have no reason to think that the jury will not be able to compartmentalize the evidence related to the two counts of the Indictment. "We presume that 'juries follow the instructions given by district courts.'" *United States v. Joseph*, 178 Fed. Appx. 162, 168 (3d Cir. 2006) (citing *United States v. Hakim*, 344 F.3d 324, 330 (3d Cir. 2003)). To the extent necessary, we will provide limiting instruction as did the courts in *Bailey* and *Hagins*.

Severance rests in the sound discretion of the trial judge. Defendant here has given us no reason to believe that severance is necessary to ensure a fair trial.

### III. CONCLUSION

For these reasons, Defendant's Motion for Severance will be denied.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 07-562 |
| ISAAC WARREN | : | |

**ORDER**

AND NOW, this  20th  day of March, 2008, upon consideration of Defendant Isaac Warren's Motion To Sever Counts Pursuant to Fed. R. Crim. P. 14(a) (Doc. No. 26), and the Government's response thereto, and after a hearing in open court, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge